**Saul LEVARIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–96–00406–CR.

Court of Appeals of Texas, El Paso.

Dec. 18, 1997.

Peter R. Escobar, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before BARAJAS, C.J, and McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

Saul Levario appeals his conviction for possession of a controlled substance having an aggregate weight of four grams or more but less than 200 grams. Upon a finding of guilt, the trial court assessed punishment at ten years' probation and a $1,000 fine of which $500 was probated. Finding no error, we affirm.

## FACTUAL SUMMARY

On March 15, 1995, the police department received an anonymous tip of narcotics activity at 1672 Brian Ray Circle. Based on this tip, the police set up surveillance and over a two-week period, observed people going to the house, staying only a few minutes, and leaving. The police then arranged with the sanitation department to pick up the discarded trash from the home in order to search for narcotics. In the trash, the police discovered a bundle of plastic wrapping with marijuana residue, seeds, stems, and plastic bags with cocaine residue. The officers also found a spoon with white residue on it; the spoon had been burned on the bottom. Based on the surveillance of the house and the evidence in the trash, the officers obtained a search warrant for the residence.

The following day, the officers executed the search warrant. Upon entering the home, they detained a male subject located in the living room and a female subject (later identified as April Barker). Levario was found in one of the bedrooms, standing by the bed. On the nightstand, the officers discovered a small straw with white residue inside. They also found two spoons in the bedroom—one in a drawer and one on the bed. Both spoons had been burned on the bottom indicating that they had been used for cooking cocaine. In a dresser in the closet, the officers found a plastic baggie containing seven diamond folds filled with cocaine. On top of the dresser, they found the plastic cellophane of a cigarette pack containing the butt of a marijuana cigarette. Additional marijuana was found in the top drawer. On the top shelf of the closet, the officers located a .22 handgun. The closet contained both men's and women's clothing. Officer Posada testified that it appeared that Levario and Barker shared the bedroom. Levario was then arrested and charged with possession.

In five points of error, Appellant complains that the evidence is legally and factually insufficient to support a conviction, that the trial court erred in overruling the motion to suppress, and that the court erred in admitting hearsay testimony and irrelevant evidence.

## LEGAL SUFFICIENCY

Levario brings a legal sufficiency complaint in his first point of error. In

reviewing the legal sufficiency of the evidence to support a criminal conviction, we must review all the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App.1991). We do not resolve any conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to do so. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991). Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict. *Adelman*, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson*, 819 S.W.2d at 843.

Unlawful possession of a controlled substance contains two elements. The State must prove (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the substance was contraband. *See Martin v. State*, 753 S.W.2d 384, 386 (Tex.Crim.App. 1988); *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex.App.—El Paso 1995, pet. ref'd); *Musick v. State*, 862 S.W.2d 794, 804 (Tex. App.—El Paso 1993, pet. ref'd). An affirmative link must be established between the accused and the contraband demonstrating both that the accused had control over it and that the accused had knowledge of its existence and character. *See Brown v. State*, 911 S.W.2d 744 (Tex.Crim.App.1995); *Menchaca*, 901 S.W.2d at 651. This "affirmative link" may be shown by either direct or circumstantial evidence, and "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Brown*, 911 S.W.2d at 747.

When the contraband is not found on the accused's person or it is not in the exclusive possession of the accused, additional facts and circumstances must link the accused to the contraband. *Menchaca*, 901 S.W.2d at 651; *Musick*, 862 S.W.2d at 804. This may include any statements made by the accused, the proximity of the accused to the contraband and its accessibility or visibility to the accused, other people in the vicinity of the scene, and any indications of drug use by the accused such as the existence of drug paraphernalia and the presence of track marks on the accused. *Davila v. State*, 930 S.W.2d 641, 645 (Tex.App.—El Paso 1996, pet. ref'd). Other factors to consider are: (1) whether the defendant was at the place searched at the time of the search; (2) whether there were other persons present at the time of the search; (3) whether the contraband was found in a closet that contained clothing for the defendant; (4) whether the amount of contraband found was large enough to indicate the defendant knew of its existence; and (5) whether there is evidence establishing the defendant's occupancy of the premises. *Villegas v. State*, 871 S.W.2d 894, 897 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd), *citing Classe v. State*, 840 S.W.2d 10, 12 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

Levario was standing next to the bed when the officers entered the bedroom. On the bed was a spoon used for injecting cocaine; next to the bed on the nightstand was a straw with white residue on it. The butt of a marijuana cigarette was found on the dresser in the closet. All of the contraband was visible to and accessible by Levario. Finally, Detective Maldonado testified that the bedroom in which Levario was located was shared by him and Barker.

Levario cites *Brown v. State*, 663 S.W.2d 139, 142 (Tex.App.—Houston [1st Dist.] 1983, no pet.), for the proposition that evidence of contraband found hidden in a home in which the defendant was merely present is not sufficient, without additional facts, to prove care, control, and custody. We believe, however, that in light of the significant amount of contraband found in the bedroom within plain view of Levario, a rational trier of fact could easily have inferred that Levario had exercised care, custody, and control of the contraband. These facts raise a reasonable

inference of his knowledge and control of the contraband. *Villegas,* 871 S.W.2d at 897, *citing Cooper v. State,* 852 S.W.2d 678, 681 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Point of Error No. One is overruled.

## FACTUAL SUFFICIENCY

In Point of Error No. Two, Levario challenges the factual sufficiency of the evidence to support his conviction. In reviewing factual sufficiency, we consider all of the evidence, but we do not view it in the light most favorable to the verdict. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); *Taylor v. State,* 921 S.W.2d 740, 745 (Tex.App.—El Paso 1996, no pet.). We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis,* 922 S.W.2d at 129; *Taylor,* 921 S.W.2d at 745. In conducting a factual sufficiency review, the reviewing court cannot substitute its conclusions for those of the jury. *Davila,* 930 S.W.2d at 647; *Taylor,* 921 S.W.2d at 746. It is not within the province of this Court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Davila,* 930 S.W.2d at 647; *Taylor,* 921 S.W.2d at 746. Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Id.*

Applying the proper standard, we have reviewed the record in its entirety. Levario was located in the bedroom where the contraband and paraphernalia were in plain view. Additional contraband was accessible to Levario and located in a closet which contained men's clothing. The trial court's resolution of the issues was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Point of Error No. Two is overruled.

## MOTION TO SUPPRESS

In his third point of error, Appellant argues that the trial court erred in denying his motion to suppress the search warrant. The affidavit to establish probable cause in support of the request for the search warrant was based upon a warrantless search of Appellant's garbage. Appellant contends that the garbage was within the curtilage of the residence and therefore, that the warrantless search and seizure of the garbage was unlawful. Without this evidence, Levario maintains that the remaining facts in the affidavit were insufficient to establish probably cause for the search of the residence.

We begin with the landmark case of *California v. Greenwood,* 486 U.S. 35, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988). In *Greenwood,* the police acted on information indicating that Greenwood might be engaged in narcotics trafficking. Twice they obtained from Greenwood's regular trash collector evidence from garbage bags left on the curb in front of his house. On the basis of items in the bags which were indicative of narcotics use, the police obtained warrants to search the house, discovered controlled substances during the searches, and arrested Greenwood on felony narcotics charges. Finding that probable cause to search the house would not have existed without the evidence obtained from the trash searches, the California Superior Court determined that warrantless trash searches violated the Fourth Amendment and the California constitution. The Supreme Court reversed, holding that having deposited their garbage in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it, there could have had no reasonable expectation of privacy in the inculpatory items discarded. *Greenwood,* 486 U.S. at 40–42, 108 S.Ct. at 1629.

Levario argues that since the trash was within a few feet of the home, it was within the curtilage of the house and the search violated the federal and state constitutions, relying on *People v. Edwards,* 71 Cal.2d 1096, 80 Cal.Rptr. 633, 458 P.2d 713 (1969) (there was a reasonable expectation of privacy in trash left a few feet from the residence). We find *Edwards* unpersuasive as it predates *Greenwood.*

Although we have found no Texas cases directly addressing this issue, there are several federal cases regarding the warrantless search and seizure of garbage. *See United States v. Comeaux,* 955 F.2d 586 (8th Cir. 1992) (warrantless search of trash accessible

to officer in alley was not unlawful regardless of whether garbage can was within curtilage of home), *United States v. Wilkinson*, 926 F.2d 22 (1st Cir.1991) (warrantless police searches of defendant's trash containers did not violate Fourth Amendment, even though defendant left trash for collection on his own lawn), *United States v. Hedrick*, 922 F.2d 396 (7th Cir.1991) (defendant had no reasonable expectation of privacy in garbage cans permanently located in driveway 18 to 20 feet from sidewalk, 20 feet from unattached garage, and 50 feet from house, even though cans were within curtilage; cans were so readily accessible to public that they were exposed to public for Fourth Amendment purposes).

 We conclude that Levario had no reasonable expectation of privacy in discarded trash even if it were within the curtilage of his home. Since the warrantless search of his trash did not constitute an unlawful search and seizure, the affidavit was sufficient to establish probable cause to support the request for the search warrant. Point of Error No. Three is overruled.

## ADMISSION OF EVIDENCE

### *Hearsay*

In his fourth point of error, Levario contends that the trial court erred in admitting hearsay testimony, alleging that the evidence was offered for the proof of the matter asserted and was employed by the trial court in its determination of guilt. During the trial, Detective Summers testified as follows:

Q. Okay. On March 15, 1995, did you— well, let's back up. Did you receive anonymous information that there was possible narcotics activity at 1672 Brian Ray Circle?

MR. ESCOBAR: Objection, Your Honor. It calls for hearsay.

THE COURT: The objection is overruled.

A. Yes, I did.

 The trial court has broad discretion in determining the admissibility of evidence, and its ruling should not be reversed on appeal absent a clear abuse of discretion. *See Allridge v. State*, 850 S.W.2d 471, 492

(Tex.Crim.App.1991); *Chavarria v. State*, 876 S.W.2d 388, 391 (Tex.App.—El Paso 1994, no pet.). A trial court's ruling will be sustained on appeal if it is correct on any theory of law applicable to the case, even if the trial court gives the wrong reason for the decision, and this is especially true with regard to admission of evidence. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

 Detective Summers' testimony was not hearsay. "Hearsay" is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX.R.CRIM.EVID. 801(d). A statement that is not offered to prove the truth of the matter asserted is not hearsay. *See* TEX. R.CRIM.EVID. 801(d). Likewise, a statement that is offered not to prove the truth of the matter asserted but rather to establish the circumstances leading to the officer's approach of a defendant is not hearsay. *Oberg v. State*, 890 S.W.2d 539, 542 (Tex.App.—El Paso 1994, pet. ref'd), *citing Jones v. State*, 843 S.W.2d 487, 499 (Tex.Crim.App.1992) (statement that was not offered to prove the truth of the matter asserted, but to show why officer got an arrest warrant and searched defendant was not objectionable as hearsay). Here, the statement would be hearsay if admitted to prove that Appellant intended to sell drugs, or that Appellant possessed the drugs. The evidence was not admitted for that purpose but instead to establish the circumstances leading to the officer's search.

Since Detective Summer's testimony was not hearsay, the trial court did not err in overruling Levario's objection and admitting the evidence. Point of Error No. Four is overruled.

### *Irrelevant Evidence*

 Levario's final point of error asserts that the trial court erred in admitting the handgun located in the closet because it was irrelevant. Finding a piece of evidence to be relevant is the first step in a trial court's determination of whether the evidence should be admitted before the jury. *Contreras v. State*, 915 S.W.2d 510, 518 (Tex.

App.—El Paso 1995, pet. ref'd), *citing Montgomery v. State*, 810 S.W.2d 372, 375 (Tex. Crim.App.1990). The admissibility of evidence is within the trial court's discretion. *Duckett v. State*, 797 S.W.2d 906, 913 (Tex. Crim.App.1990). Questions of relevance should be left largely to the trial court, relying on its own observations and experience, and we will not reverse absent an abuse of discretion. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex.Crim.App.1993), *cert. denied*, 510 U.S. 966, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993); *Montgomery*, 810 S.W.2d at 391 (opinion on reh'g). As long as the trial court's ruling was at least within the zone of reasonable disagreement, we will not intercede. *Montgomery*, 810 S.W.2d at 391.

Appellant contends that possession of the handgun was irrelevant to the offense charged, possession of a controlled substance, and that its admission into evidence was prejudicial. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R.CRIM.EVID. 401; *Moreno*, 858 S.W.2d at 463. Relevance is not an inherent characteristic of any item of evidence but exists as a relation between an item of evidence and a matter properly provable in the case. *Montgomery*, 810 S.W.2d at 375. Moreover, the evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence. *Id.* at 376.

The Texas Rules of Criminal Evidence favor the admission of all logically relevant evidence. *Hawkins v. State*, 871 S.W.2d 539, 541 (Tex.App.—Fort Worth 1994, no pet.), *citing Montgomery v. State*, 810 S.W.2d 372, 375 (Tex.Crim.App. 1990); TEX.R.CRIM.EVID. 402. In *Hawkins*, the police raided a home for narcotics. Upon entering the residence, they observed the defendant leaving the bathroom. In the bathroom, officers discovered narcotics and a .25 pistol. On appeal, the defendant asserted that the trial court erred in admitting the pistol because it was irrelevant to the charge. The appellate court determined that it was reasonable to conclude the defendant placed the pistol in the bathroom to protect whatever drugs he possessed. The presence of the pistol made the defendant's dominion over the drugs more probable. Evidence which makes control more or less probable is both relevant and admissible under TEX.R.CRIM.EVID. 404(b). *Hawkins*, 871 S.W.2d at 541, 542. Levario was discovered in the bedroom; the handgun was located in the closet, in close proximity to the contraband. Based on the reasoning in *Hawkins*, it can be concluded that he placed the handgun in the closet to protect the drugs located there. Point of Error No. Five is overruled.

Having overruled all five points of error, we affirm the judgment.