NO. 07-02-0308-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 12, 2003

_____

GERALD LOYD WRIGHT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44521-C; HON. JOHN T. FORBIS, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

In one issue, appellant Gerald Loyd Wright contends that the evidence is factually insufficient to support his conviction for possessing, with intent to deliver, a controlled substance in the amount of four grams or more but less than 200 grams within a drug free zone. We affirm the judgment.

***Background***

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 1998).

On June 21, 2001, a search warrant was executed upon a one-bedroom residence located at 700 S. Forest, Apartment C, in Amarillo by the Panhandle Regional Narcotics Task Force. Appellant was the lessee of the apartment. At the time of entry, appellant was observed in the kitchen where he threw a plastic bag into the sink. The plastic bag was later determined to contain 2.15 grams of methamphetamine. Two other individuals, Jonathan Ballou Ogden and Dawn Rae LaRowe (who also resided at the apartment with appellant) were found lying on a makeshift bed in the living room. Ogden had a small amount of methamphetamine in his pocket and a small amount of cocaine was found in LaRowe's purse.

The odor of ether was found emanating from the bedroom. Within a closet of that only bedroom the officers discovered paraphernalia used to manufacture methamphetamine as well as a letter addressed to appellant. Methamphetamine was also found elsewhere in the apartment, including the freezer compartment of the refrigerator.

### Factual Sufficiency of the Evidence

In his sole issue, appellant argues that the evidence is factually insufficient to show he possessed a controlled substance in the amount of four grams because he was not the only person with access to the apartment, and the only controlled substance that can be attributed to him was the 2.15 grams of methamphetamine found in the plastic bag which he threw into the sink. We overrule the issue.

*Standard of Review*

The standard by which we review a factual sufficiency challenge is well established, and we need not reiterate it. Instead, we cite the parties to *Sims v. State,* 99 S.W.3d 600,

2

601 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) for its explanation.

Next, the State indicted appellant for "intentionally and knowingly possess[ing], with intent to deliver, a controlled substance, namely, METHAMPHETAMINE, in an amount of 4 grams or more but less than 200 grams . . . ." To secure a conviction for this offense, and even though evidence which shows joint possession may be sufficient to gain such a conviction, *Martin v. State,* 753 S.W.2d 384, 387 (Tex. Crim. App. 1988), the State must prove that the defendant exercised care, custody, or control over the drugs, was conscious of his connection with the drugs, and knew the substance to be drugs. *Brown v. State,* 911 S. W.2d 744, 747 (Tex. Crim. App. 1995); *Park v. State,* 8 S.W.3d 351, 352 (Tex. App.-- Amarillo 1999, no pet.). Furthermore, the evidence proving guilt may be direct or circumstantial; yet, irrespective of its nature, it must nevertheless be adequate to illustrate, "to the requisite level of confidence, that the . . . connection with the drug was more than just fortuitous." *Brown v. State,* 911 S.W.2d at 747. The courts also have developed various indicia deemed helpful in assessing the accused's links to the drug. Though not exclusive, they include such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was found under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the

3

exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband. *Kyte v. State,* 944 S.W.2d 29, 31 (Tex. App.--Texarkana 1997, no pet.); *Hurtado v. State,* 881 S.W.2d 738, 743 n.1 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). Lastly, the number of factors established is not as important as the degree to which they tend to affirmatively link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.--Tyler 1995, pet. ref'd).

*Application of the Standard*

Evidence of record shows that 1) appellant was the lessee of the apartment and was present when it was searched; 2) a letter addressed to appellant at the address of the apartment was found in the living room and an envelope in his name was found in the bedroom; 3) appellant was in possession of an amount of methamphetamine which he threw into the sink at the time police entered the apartment; 4) paraphernalia used in making methamphetamine (such as ether, drain cleaner, muriatic acid, a funnel, plastic lids, a hose, a fire retardant vessel, plastic baggies, wire cutters, pliers, a paint scraper, a cooking spatula, a three liter Coke lid with a hole in the top, used coffee filters, electrical tape, 11 to 20 boxes of pseudoephedrine, two boxes of Benadryl, and propane cylinders that apparently once contained anhydrous ammonia), were found either in the apartment or bedroom of the apartment; 5) the bedroom smelled strongly of ether; 6) methamphetamine was found in plastic bags in the freezer in the kitchen one of which contained 7.97 grams of methamphetamine; 7) a syringe containing methamphetamine

4

was found in a Chex mix box in the kitchen; 8) a notebook ("drug ledger") containing names and dollar amounts was found in the kitchen; 9) a white plate, single edged razor blade such as used to cut methamphetamine along with methamphetamine residue in a plastic bag was found in the kitchen; 10) a set of scales was found in the apartment; and 11) a police scanner was found in the apartment. Furthermore, at least one of appellant's fingerprints were discovered on the "drug ledger."

That two other persons were present on a mattress in the living room when the police arrived does not negate the evidence that appellant was in possession of an amount of a controlled substance at the time of the search.[2] Nor does it rebut the reasonable inference arising from the presence of methamphetamine in locations easily accessible to appellant and of drug manufacturing paraphernalia found in the closet of the sole bedroom of the apartment (a bedroom wherein mail addressed to appellant was discovered). The reasonable inference alluded to is the one establishing that appellant either owned or controlled the methamphetamine and drug paraphernalia. *See Stroman v. State,* 69 S.W.3d 325, 330-31 (Tex. App.--Texarkana 2002, pet. ref'd) (holding the evidence factually sufficient even though the defendant shared the residence with his wife where the defendant was present when drug transactions were conducted; he was present when the search was made; some of the contraband was in plain view; he was close to the contraband and it was easily accessible to him; there was an odor of contraband; drug paraphernalia was present; he was the legal and actual possessor of the place where the

---

[2]Appellant had requested permission from the landlord for those persons to live or temporarily stay there.

contraband was found; and the place where the contraband was found was enclosed). *Levario v. State,* 964 S.W.2d 290, 294 (Tex. App.--El Paso, 1997, no pet.) (holding the evidence was factually sufficient where the defendant was standing next to the bed when the officers entered; on the bed was a spoon for ingesting cocaine; next to the bed was a straw with white residue on it; all contraband was visible and accessible to the defendant; and additional contraband was accessible in the closet containing men's clothes even though the defendant shared the bedroom with someone else).

Given the foregoing evidence, and the truism that the jury can choose what evidence to believe or disbelieve, we cannot say that the evidence of guilt was so weak as to render the verdict clearly wrong or manifestly unjust nor that the finding of guilt is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. *See Zuliani v. State,* 97 S.W.2d at 593. Therefore, the jury's verdict is supported by factually sufficient evidence.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.