COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

WALTER SCOTT GARRETT,                             )

                                                                              )               No.  08-01-00258-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )           
Criminal District Court #2

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )               
(TC# F-0052119-JI)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
of a jury conviction of aggravated assault. 
The jury sentenced Appellant to 20 years=
imprisonment.  Appellant brings six
issues on appeal: three of the six complain of jury charge error; one claims
that the evidence is factually insufficient to reject a self-defense claim; one
asserts that Article 37.07, section 4(a) of the Texas Code of Criminal Procedure
is unconstitutional; and finally, that the trial court erred by sustaining the
State=s
objection to the Appellant=s
testimony that he told police that the victim attacked him first.  We affirm.








In August 2000,
Dallas police, responding to a report of a disturbance, found Appellant lying on top of the De=Whon Lyle, with his hand over Lyle=s
mouth.  Both men were covered in
blood.  Lyle had multiple and life
threatening stab wounds and lacerations to the stomach, chest, arms, neck,
head, and back.  Appellant had a deep cut
on his hand.  Lyle, a soldier stationed
at Fort Hood, claimed he was visiting Dallas to buy clothes during the tax free
weekend; he had over Two Thousand Dollars cash on him.  He was in the vacant apartment with Appellant
because Appellant wanted to show it to him.

Appellant
testified that he and Lyle were related and that he was helping Lyle buy some
cocaine.  They were waiting in the vacant
apartment for the drug dealer to arrive when Lyle suddenly attacked him with a
steak knife.  Then, Appellant testified,
he grabbed another steak knife and, after Lyle stabbed him in the hand,
Appellant stabbed Lyle in the stomach and throat.  The fight continued until Appellant had Lyle
on the floor in a choke hold; that is when the police arrived.

Lyle testified
that while he and Appellant were in the apartment, he fell asleep on the
floor.  He was awaken
to find Appellant slitting his throat. 
Lyle asked Appellant what he was doing, and Appellant responded by
stabbing him twice in his stomach.  Lyle
tried to leave, but could not open the locks on the door.  Appellant came from behind and stabbed him
twice.  Appellant closed the door, pulled
Lyle back into the apartment, and continued attacking him.  Appellant took a box cutter and pressed it
against Lyle=s skull
and slit his wrists.  Appellant tried to
choke Lyle with his shirt; it was then that the police arrived.

The function of
the jury charge is to instruct the jury on the law applicable to the case.  Dinkins v. State,
894 S.W.2d 330, 339 (Tex.Crim.App.1995). 
When we review whether there has been error in a jury charge, we apply
an Almanza analysis to determine (1) whether
error actually exists in the charge, and (2) whether any resulting harm
requires reversal.  Almanza v. State, 686
S.W.2d 157, 171-72 (Tex.Crim.App. 1985).








In Issue One,
Appellant contends the trial court erred in refusing to include a definition of
reasonable doubt in the jury charge. 
Appellant=s
argument is, as we understand it, that a Geesa[1]
instruction should have been given to jury because Paulson[2],
overruling the Geesa requirement was a new rule
of law and should not have been applied retroactively to Appellant=s case. 

We agree with
Appellant and so does the Texas Court of Criminal Appeals that Paulson
is not to be applied retroactively; however, the fact here is that it was not
applied retroactively. This case was properly tried in compliance with the law
in effect at the time of trial.  This
case was tried in May 2001, and Paulson was in effect.  Colbert v. State, 108 S.W.3d 316, 318 (Tex.Crim.App.
2003).  Ergo, the trial
court properly refused to include a definition of reasonable doubt in the jury
charge.  Issue One is overruled.

In Issue Two,
Appellant complains that the trial court=s
jury instructions were error because they failed to limit the definitions of Aintentionally@
and Aknowingly@ to the result of Appellant=s conduct.  The State implicitly concedes this failure;
however, they point out, and Appellant acknowledges this as well, that there
was no objection to the faulty instruction at trial.  Accordingly, a reversal is required only if
the error resulted in egregious harm.  See
Almanza, 686 S.W.2d at 171.


The application
paragraph in the charge does limit the definitions of the culpable mental state
to the result of Appellant=s
conduct.  Moreover, the evidence is
undisputed that Appellant intentionally and knowingly did serious bodily injury
to the victim with a deadly weapon.  See Anderson v. State, 11 S.W.3d 369, 372 (Tex.App.--Houston [1st Dist.] 2000, pet. ref=d).  Accordingly, we overrule Issue Two.








In Issues Four and
Five, Appellant complains that the charge at the punishment phase of  trial improperly
stated that Appellant was eligible for good conduct awards when, in fact, he
was not.  There was no objection made at
trial to this instruction.

It is undisputed
that the instruction complained-of is statutorily mandated by Tex.Code  Crim.Proc.Ann. art. 37.07, ' 4(a)(Vernon
Supp. 2004).  The trial court did not
commit error by giving the mandated instruction.  See Luquis
v. State, 72 S.W.3d 355, 363 (Tex.Crim.App.
2002).  Luquis
has also addressed the constitutional claim by holding that the instruction
required by Article 37.07, sec. 4(a) does not violate either federal due
process or state due course of law rights of a defendant who is ineligible for
mandatory supervision.  See id. at 364-68.  Issues
Four and Five are overruled.

In Issue Three,
Appellant contends that the evidence is factually insufficient to support the
implicit rejection of his self-defense claim. 
In reviewing factual sufficiency, we consider all of the evidence, but
we do not view it in the light most favorable to the verdict.  Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.
1996); Levario v. State, 964 S.W.2d
290, 295 (Tex.App.‑‑El Paso 1997, no
pet.).  We will set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Clewis, 922 S.W.2d at 129; Levario, 964 S.W.2d at 295.  In conducting a factual sufficiency review,
the reviewing court cannot substitute its conclusions for those of the fact
finder.  Levario,
964 S.W.2d at 295. 
It is not within the province of this Court to interfere with the fact
finder=s
resolution of conflicts in the evidence or to pass on the weight or credibility
of the witness's testimony.  Id.
Where there is conflicting evidence, the fact finder=s
verdict on such matters is generally regarded as conclusive.  Id.








Having reviewed
the entire record, as detailed above, we cannot say that the verdict is
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  We therefore overrule Issue
Three.  

In Issue Six,
Appellant challenges the trial court=s
decision to exclude Appellant=s
testimony that he told police Lyle attacked him first.  Appellant further contends that since his
defense was self-defense, the exclusion was of such highly probative evidence
denied him of fair opportunity to present his defense.  








Appellant=s legal theory as to why the testimony
should have been allowed does not comport with the point on appeal.  When the State first objected to Officer
Young=s
testimony, Appellant=s
counsel stated the testimony went to Appellant=s
state of mind.  The second time the
objection was made, Appellant=s
counsel proposed no legal theory under which the testimony was
appropriate.  Later, outside of the jury=s presence, Appellant=s counsel stated that the specific
testimony was not hearsay because it went to Appellant=s
state of mind and that it would also be res
gestae and that is was necessary to complete the
story and provide a more accurate description of what occurred on the day in
question.  Appellant at no moment in time
raised the theory of present sense impression. 
In order to preserve an error, the complaint on appeal must comport with
the complaint in the trial court.  See
Tex.R.App.P. 33.1(a).  In this case, the only theories advanced by
Appellant at trial were that the evidence was admissible as a state of mind
exception.  Appellant has now raised the
theory for the first time of on appeal that the aforementioned statements were
admissible under the doctrine of present sense impression.  Because this argument was not advanced at
trial, the issue has not been preserved for appellate review.  We believe Appellant waived any legal theory
on the grounds of present sense he may have had.  We overrule Appellant=s
Issue Six.

Accordingly, we
affirm the trial court=s
judgment.

 

 

March
18, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish) 











[1]
Geesa v. State, 820 S.W.2d 154 (Tex.Crim.App.
1991).





[2]
Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App.
2000).