IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1677-03






DUANE KEITH JENSCHKE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


KERR COUNTY





 Meyers, J., filed a dissenting opinion.



DISSENTING OPINION 



 I dissent for two reasons. First, I disagree with the majority deciding this issue
based on the parents' intent to deprive the rapist of his used condom. I do not feel that a
theft was committed when the victim's mother went to her parents house, opened her
brother's truck using a spare key, and took the used condom her daughter told her was
behind the seat on the floor of the truck. Although the victim's mother entered her
brother's truck without his knowledge, she did not do so with intent to deprive him of
property. Similar to other used hygiene items such as a used bandage or used tissue, the
used condom had no value. Therefore, appellant had no property right to the item taken
from his truck. (1) If appellant had a property right to the condom containing his DNA, then
wouldn't the victim also have an equal property right to that condom since it also contained
her DNA? Because of the specific circumstances of this case, I do not think that a law was
broken to obtain this evidence, and I do not think Article 38.23 applies. Thus, the condom
should be admissible.

 Second, I disagree that there is a general exception to Article 38.23(a) when the
intent is to turn the evidence over to the police. The majority holds that, "when a person
who is not an officer takes property that is evidence of crime, without the effective consent
of the owner and with the intent to turn over the property to an officer, the conduct may be
non-criminal even though the person has intent to deprive the owner." 

 In Garcia v. State, 829 S.W.2d 796, 799 (Tex. Crim. App. 1992), we concluded that
Article 38.23 contained no exceptions other than the "good faith" exception that is
specifically stated in subsection (b). We declined to create an "inevitable discovery"
exception and specifically stated that until the Legislature amends the statute, "we must
enforce [it] as written, excluding all illegally obtained evidence, with the single exception
as set out in the statute." Id. at 800. We have also stated that "the attenuation doctrine is
not an exception to Article 38.23, but rather is a method of determining whether evidence
was 'obtained' in violation of the law, with 'obtained' being included in the plain language of
the statute." State v. Johnson, 871 S.W.2d 744, 751 (Tex. Crim. App. 1994).

 The majority now chooses to create an "intent to turn evidence over to the police"
exception although we have never found an exception to Article 38.23 in a situation in
which the law has been broken. In the cases relied upon, Cobb v. State, 85 S.W.3d 258
(Tex. Crim. App. 2002) and Stone v. State, 574 S.W.2d 85 (Tex. Crim. App. 1979), we held
that there was no law broken because there was no intent to deprive, so Article 38.23 did
not require exclusion of the evidence. The majority now says that, in those cases, there was
clearly intent to deprive, but sometimes that is acceptable, as long as there is also intent to
turn evidence over to the police within a certain amount of time. Because I feel that this
broad exception will encourage victims to break the law to obtain evidence to turn over to
the police, I oppose this holding. 

 I believe that the trial court correctly denied appellant's motion to suppress the
evidence and agree with the Court of Appeals that there was no intent to deprive appellant
of his property. Therefore, I respectfully dissent. 

 Meyers, J.

Filed: October 20, 2004

Publish
1. Many cases have stated that there is no expectation of privacy in trash and have allowed even
police officers to conduct warrantless searches of trash even when it is on the defendant's property. 
See California v. Greenwood, 486 U.S. 35 (1988); Levario v. State, 964 S.W.2d 290 (Tex.
App.-El Paso 1997); United States v. Comeaux, 955 F.2d 586 (8th Cir. 1992); United States v.
Wilkinson, 926 F.2d 22 (1st Cir. 1991); United States v. Hedrick 922 F.2d 396 (7th Cir. 1991). 
While I acknowledge that the used condom was not necessarily discarded because it was inside
appellants truck, due to the particular facts of this case, because it was a family member who entered
the vehicle using a spare key, the trash searching cases are instructive.