NO. 07-07-0074-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 21, 2008

_____


REGINALD MICHAEL MURPHY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,951-A; HON. HAL MINER, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Reginald Michael Murphy was convicted of possession of a controlled substance (cocaine) in a drug free zone. He challenges that conviction by contending the evidence is legally and factually insufficient to sustain his conviction because the State failed to

prove that he exercised actual care, custody, control, or management of the contraband.[1] We affirm the judgment.

*Background*

On January 3, 2006, around 7:30 a.m., police officers executed a search warrant for cocaine and drug paraphernalia on room 109 at the Sundown Motel on Amarillo Boulevard in Amarillo. Appellant and Chastity Madrid were named as subjects in the search warrant. When they entered the room by unannounced entry, the officers found appellant lying on the bed, and Madrid sitting in a chair against the wall. Both parties were handcuffed without incident. On a microwave which was sitting on a night stand, the officers found cocaine and marijuana. Also found in the room were razor blades, and $150 on a table and $140 in appellant's pockets in denominations of ten and twenty dollar bills.

*Applicable Law*

The standards of review for legal and factual sufficiency are found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases for review.

Next, one may not be convicted of possessing a controlled substance unless he exercised actual care, control, or custody of it and knew the matter was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Furthermore, the courts have divined numerous factors useful in determining whether the accused's link to the contraband was more than mere fortuity. Though not an exclusive list, it includes such

---

[1]Appellant also claims the trial court erred in denying his motion for instructed verdict. This is a challenge to the legal sufficiency of the evidence. *Williams v. State,* 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

2

things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible to those present, 3) the drugs were near the defendant, 4) the defendant was under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made any furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband involved. *Kyte v. State,* 944 S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); *Hurtado v. State,* 881 S.W.2d 738, 743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). The number of factors present is not as important as the degree to which they tend to link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref'd). Thus, it is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict. *Evans v. State,* 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

The evidence admitted at trial shows: 1) appellant was present in the room where the drugs were found, 2) appellant appeared not to have been awakened by the officers' entry, 3) appellant was in close proximity to the drugs, 4) the cocaine and marijuana were in plain view, 5) appellant had money on him in denominations that are frequently used to purchase drugs, 6) appellant's car had been observed in front of that particular motel room for several days prior to the execution of the search warrant, 7) appellant had been in the

3

room on ten to fifteen occasions and also spent the night in it several times during the two weeks that Madrid had been renting the room, 8) Madrid had been selling drugs from the room and smoking marijuana with people that came to the room, 9) the officers answered calls on a cell phone found in the room and the calls related to the solicitation or sale of drugs, 10) a confidential informant told the police that appellant and Madrid had been in possession of cocaine in the motel room within 48 hours of obtaining the search warrant,[2] 11) razor blades used for cutting drugs were found in the room, and 12) one police officer smelled the odor of marijuana upon entering the room. These facts are sufficient to link appellant to the drugs and show that he exercised care, custody, or control over them. *See Levario v. State,* 964 S.W.2d 290, 294-95 (Tex. App.–El Paso 1997, no pet.) (finding the links sufficient when the defendant shared the bedroom, he was standing next to the bed when the officers entered the room, a spoon used to inject cocaine was on the bed, a straw with a white residue on it was on the night stand, and marijuana was found on a dresser in a closet).

We recognize that appellant offered an alternative theory for the jury's consideration. Madrid testified that all of the drugs were hers, that she did not place them on the night stand until after appellant went to sleep, that appellant was only in the room to have sexual relations with her, and that she did not believe he knew about the drugs. Moreover, the room was rented in Madrid's name and only female personal possessions were found there. Yet, the jury was not required to believe the testimony of Madrid or the

---

[2]Appellant objected at the time the search warrant was offered into evidence on the basis that it contained hearsay. However, the trial court overruled the objection and admitted the evidence without limitation. That ruling has not been challenged on appeal. Therefore, the facts contained in the search warrant may be considered by the factfinder in its determination. *See Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

other circumstantial evidence, *see Evans v. State,* 202 S.W.3d 158, 166 (Tex. Crim. App. 2006), and we cannot say that its resolution of the conflicts in the evidence undermines our confidence in the verdict.  In short, the evidence is both legally and factually sufficient.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.