NO. 07-09-0044-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 20, 2009
______________________________

SARA ANN CONTRERAS,

                                                                                                 Appellant

V.

TAKISHA SHAWAN SHELBY,

                                                                                                 Appellee

                                                                                                           _________________________________

FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-538,678; HONORABLE WILLIAM C. SOWDER, PRESIDING
_______________________________

ORDER DISMISSING APPEAL
                                       _______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant, by and through her attorney, has filed a motion to dismiss. Without
passing on the merits of the case, we grant the motion pursuant to Texas Rule of Appellate
Procedure 42.1(a)(1) and dismiss the appeal. Having dismissed the appeal at appellant’s
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.


                                                                           Brian Quinn
                                                                          Chief Justice



160;   Reginald Michael Murphy was convicted of possession of a controlled substance
(cocaine) in a drug free zone. He challenges that conviction by contending the evidence
is legally and factually insufficient to sustain his conviction because the State failed to
prove that he exercised actual care, custody, control, or management of the contraband.


 
We affirm the judgment. 
          Background
          On January 3, 2006, around 7:30 a.m., police officers executed a search warrant
for cocaine and drug paraphernalia on room 109 at the Sundown Motel on Amarillo
Boulevard in Amarillo. Appellant and Chastity Madrid were named as subjects in the
search warrant. When they entered the room by unannounced entry, the officers found
appellant lying on the bed, and Madrid sitting in a chair against the wall. Both parties were
handcuffed without incident. On a microwave which was sitting on a night stand, the
officers found cocaine and marijuana. Also found in the room were razor blades, and $150
on a table and $140 in appellant’s pockets in denominations of ten and twenty dollar bills. 
         Applicable Law
          The standards of review for legal and factual sufficiency are found in Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204
S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases for review. 
          Next, one may not be convicted of possessing a controlled substance unless he
exercised actual care, control, or custody of it and knew the matter was contraband.
Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Furthermore, the courts
have divined numerous factors useful in determining whether the accused’s link to the
contraband was more than mere fortuity. Though not an exclusive list, it includes such
things as whether 1) the accused was present when the search was conducted, 2) the
contraband was plainly visible to those present, 3) the drugs were near the defendant, 4)
the defendant was under the influence of the substance found, 5) the defendant possessed
other contraband or drug paraphernalia when arrested, 6) the defendant made any
incriminating statements, 7) the defendant attempted to flee, 8) the defendant made any
furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other
contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive
or joint possession of the locale at which the drugs were found, 12) the place where the
drugs were found was enclosed, 13) the accused attempted to conceal the contraband,
and 14) the accused was familiar with the type of contraband involved. Kyte v. State, 944
S.W.2d 29, 31 (Tex. App.–Texarkana 1997, no pet.); Hurtado v. State, 881 S.W.2d 738,
743 n.1 (Tex. App.–Houston [1st Dist.] 1994, pet. ref’d). The number of factors present is
not as important as the degree to which they tend to link the defendant to the contraband. 
Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.–Tyler 1995, pet. ref’d). Thus, it is the
logical force of the circumstantial evidence, not the number of links, that supports a jury’s
verdict. Evans v. State, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006). 
          The evidence admitted at trial shows: 1) appellant was present in the room where
the drugs were found, 2) appellant appeared not to have been awakened by the officers’
entry, 3) appellant was in close proximity to the drugs, 4) the cocaine and marijuana were
in plain view, 5) appellant had money on him in denominations that are frequently used to
purchase drugs, 6) appellant’s car had been observed in front of that particular motel room
for several days prior to the execution of the search warrant, 7) appellant had been in the
room on ten to fifteen occasions and also spent the night in it several times during the two 
weeks that Madrid had been renting the room, 8) Madrid had been selling drugs from the
room and smoking marijuana with people that came to the room, 9) the officers answered
calls on a cell phone found in the room and the calls related to the solicitation or sale of
drugs, 10) a confidential informant told the police that appellant and Madrid had been in
possession of cocaine in the motel room within 48 hours of obtaining the search warrant,



11) razor blades used for cutting drugs were found in the room, and 12) one police officer
smelled the odor of marijuana upon entering the room. These facts are sufficient to link
appellant to the drugs and show that he exercised care, custody, or control over them. See
Levario v. State, 964 S.W.2d 290, 294-95 (Tex. App.–El Paso 1997, no pet.) (finding the
links sufficient when the defendant shared the bedroom, he was standing next to the bed
when the officers entered the room, a spoon used to inject cocaine was on the bed, a straw
with a white residue on it was on the night stand, and marijuana was found on a dresser
in a closet).  
          We recognize that appellant offered an alternative theory for the jury’s
consideration. Madrid testified that all of the drugs were hers, that she did not place them
on the night stand until after appellant went to sleep, that appellant was only in the room
to have sexual relations with her, and that she did not believe he knew about the drugs. 
Moreover, the room was rented in Madrid’s name and only female personal possessions
were found there. Yet, the jury was not required to believe the testimony of Madrid or the
other circumstantial evidence, see Evans v. State, 202 S.W.3d 158, 166 (Tex. Crim. App.
2006), and we cannot say that its resolution of the conflicts in the evidence undermines our
confidence in the verdict. In short, the evidence is both legally and factually sufficient. 
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.