# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00801-CR

**Tommy Joe Adams, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-11-300379, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I ON

Tommy Joe Adams, appellant, appeals his conviction for unlawful use of a criminal instrument. *See* Act of May 30, 1975, 64th Leg., R.S., ch. 342, § 7, 1975 Tex. Gen. Laws 912, 913-14 (amended 2011) (current version at Tex. Penal Code Ann. § 16.01 (West Supp. 2012)).[1] In his first appellate issue, appellant challenges the sufficiency of the evidence underlying his conviction; in his second issue, he asks us to correct a clerical error in the judgment. We overrule appellant's first issue, sustain his second issue, and modify the judgment to correct a clerical error.

## FACTUAL BACKGROUND

For the past 15 years appellant has been the chief suspect in an unusually high number of instances of punctured and slashed tires in Austin's Hyde Park neighborhood. Detective

---

[1] Because the 2011 amendment is not material to our decision, we will cite to the current statute for convenience.

Eric Hoduski of the Austin Police Department testified at appellant's trial that the series of crimes was unusual, both in the number of cars vandalized and in the fact that the victims had no suspicion about the identity of the perpetrator. Moreover, many of the tires were punctured by a thin instrument, such that the drain of air was not immediately apparent.

In December 2010 an Austin police officer observed appellant, whom the officer recognized from prior encounters, rubbing a metal rod against the curb, appearing to the officer to be sharpening the rod into some sort of shank. Believing that appellant would use the sharpened metal rod (a "sticker," in appellant's words) to slash tires, the officer seized the rod but did not arrest appellant at that time. Appellant was later indicted for unlawful use of a criminal instrument with intent to commit an offense. *See id*. Appellant represented himself during trial. The jury rendered a guilty verdict, and appellant pleaded "true" to two enhancement paragraphs that alleged prior sequential state jail felony convictions for criminal mischief.[2] The jury imposed a sentence of ten years' imprisonment. Appellant subsequently perfected this appeal.

## STANDARD OF REVIEW

We evaluate the sufficiency of evidence supporting a conviction by viewing the evidence in the light most favorable to the State and considering whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19

---

[2] *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 4, 1995 Tex. Gen. Laws 2734, 2734-35 (amended 2011) (current version at Tex. Penal Code Ann. § 12.425(a) (West 2011)) (providing that at trial of unaggravated state jail felony, defendant shall be punished for third degree felony upon proof of two previous state jail felony convictions).

(1979)) (emphasis in original). The fact finder, the jury in this case, is the sole judge of the weight of the evidence and the credibility of witnesses. *Levario v. State*, 964 S.W.2d 290, 294 (Tex. App.—El Paso 1997, no pet.).

**DISCUSSION**

At the time of the alleged conduct, the Texas Penal Code made it a crime to manufacture or adapt an instrument with knowledge of its character and intent to use it in the commission of an offense. *See* Tex. Penal Code Ann. § 16.01(a) (West Supp. 2012). The statute defined a criminal instrument as "anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made, or adapted for use in the commission of an offense." *Id*. § 16.01(b)(1). This Court has held that the phrase does not refer to all objects that could potentially be used in a crime but only one that is "designed, made or adapted, [or] is distinctively or peculiarly suited to accomplishing a criminal objective." *Eodice v. State*, 742 S.W.2d 844, 846 (Tex. App.—Austin 1987, no pet.); *see Van Danzi v. State*, 101 S.W.3d 786, 791-92 (Tex. App.—El Paso 2003, pet. ref'd). Put another way, the State must introduce evidence sufficient for the jury to find beyond a reasonable doubt that the defendant adapted the instrument specifically to carry out an offense, in this case criminal mischief.

Appellant argues that the evidence is insufficient to prove that he adapted the metal rod for the purpose of puncturing tires. The evidence showed, however, that prior to his indictment in this case, appellant had been convicted three other times for vandalizing tires, although he claimed that in those instances he used a knife instead of a "sticker." In addition, the State offered evidence of a prior extraneous offense. On one occasion prior to the event for which appellant was convicted,

3

police responded to a call from a person who said he saw appellant in the alley behind his apartment complex puncturing tires. The officers found appellant in possession of a "folded-over piece of metal with a sharpened end of it." The piece of metal seized from appellant on that occasion was admitted into evidence at trial. It resembles the sticker taken from appellant at the time of his arrest in this case, both instruments being pole-shaped pieces of metal with one end sharpened to a point. Both appear capable of creating the "small circular puncture marks" that characterized the vandalized car tires at the scene of appellant's previous arrest. Appellant testified on cross-examination that he had possessed approximately ten stickers in the past, that the ones he possessed in the past resembled the one found on him by police on this occasion, and that he made all of them in the same way. He also conceded that his metal rods could not puncture tires unless he sharpened them in the same way he did in this case.

Appellant testified that he sharpened the rod for purposes of self-defense, which he claimed was necessary because he lives on the streets. It is for the jury to resolve conflicts in the evidence. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); *Levario*, 964 S.W.2d at 294. Given the evidence regarding appellant's past criminal behavior, including the prior occasion where the jury could have found that he punctured tires with a similar metal rod and his history of vandalizing tires, we conclude that a reasonable jury could have found beyond a reasonable doubt that appellant specially adapted the sticker found in his possession for the purpose of committing criminal mischief. We overrule appellant's first issue.

In his second issue, appellant asks us to reform the judgment of conviction to correct an error. The judgment recites that appellant appeared "with counsel." As the State concedes,

4

appellant actually represented himself *pro se* throughout the trial. He requests that we correct the judgment to recite that he knowingly waived his right to counsel. Because the State does not oppose this modification, and we have the necessary information in the record to correct the clerical error, we sustain appellant's second issue. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (appellate court has authority to modify incorrect judgment when necessary information is available to do so).

## CONCLUSION

Having overruled appellant's first issue and sustained his second issue, we modify the trial court's judgment to reflect his self-representation at trial and affirm it as modified.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed: December 20, 2012

Do Not Publish

5