ACCEPTED
13-15-00054-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/13/2015 8:27:14 AM
CECILE FOY GSANGER
CLERK

CAUSE 13-15-00054-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/13/2015 8:27:14 AM
CECILE FOY GSANGER
Clerk

**RUSSELL WAYNE MCSLAND,** APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

**FILED**
IN THE 13TH COURT OF APPEALS

07/16/15

*Cecile Foy Gsanger*

**CLERK**

**APPELLANT'S BRIEF**

Trial Cause 14-5-9239

Jackson Co. District Court

Submitted by

W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659

ORAL ARGUMENT **NOT** REQUESTED

1

## IDENTITY OF PARTIES AND COUNSEL

Appellant was represented at trial by Ms. Joyce M. Leita, Attorney at Law, 115 S. Main Street, Victoria, TX 77901. Appellant is represented on appeal by Mr. W. A. (Bill) White, Attorney at Law, POB 7422, Victoria, TX 77903-7422.

During trial, appellant was a resident of Jackson County, Texas. Appellant is now in IDTDCJ.

The State was represented at trial by Mr. Robert E. Bell, D.A. and Ms. Pam Guenther, A.D.A. of the Jackson County District Attorney's Office, 115 W. Main Street, Room 205, Edna, TX 77957. Appellant anticipates that Mr. Jim Vollers, Attorney at Law, 2201 Westover Road, Austin, TX 78703, will handle the State's reply brief in this cause.

TABLE OF CONTENTS

                                              Page

Index of Authorities                          4

Appellant's Brief                             5

Statement of Case and Statement of Facts      5

Issue Presented                               7

THE TRIAL COURT ERRED BY ALLOWING EVIDENCE ON HOW
METHAMPHETAMINE IS MANUFACTURED

Summary of Argument                           7

Argument                                      7

*Sole Issue*                                  7

Prayer                                        10

Certificate of Service                        11

Certificate of Compliance                     11

## INDEX OF AUTHORITIES

*Cases*                                                                 *Page*

*Fuller v. State,* 829 S.W.2d 191 (Tex.Crim.App. 1992) 9

*Levario v. State,* 964 S.W.2d 290 (Tex.App.-El Paso 1997)                                                          9

*Statutes*

*Tex. H&S Code Ann.,* sec. 481.112(c)(Vernon 2013)    8

4

RUSSELL WAYNE MCSLAND          IN THE THIRTEENTH

VS.          COURT OF APPEALS AT

THE STATE OF TEXAS          CORPUS CHRISTI, TEXAS


## APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, RUSSELL WAYNE MCSLAND, through counsel, W. A. (BILL) WHITE, Attorney at Law, showing:


## STATEMENT OF CASE AND STATEMENT OF FACTS

Appellant was formally charged in May 2014 with a two-count indictment. Count I alleged possession with intent to deliver 1 to 4 grams of a controlled substance (PG 1; methamphetamine), a second degree felony. Count II alleged possession of 1 to 4 grams of a controlled substance (PG 1; methamphetamine), a third degree felony. The indictment also alleged two prior felony convictions, alleged to have occurred on separate dates, in enhancement paragraphs. If found

true, these two convictions enhanced each count to the habitual felon range of punishment of 25 to 99 years in prison and up to a $10,000 fine. (RR Vol. 2, p. 25; Vol. 3, pp. 7-9). Both offenses were alleged to have occurred on 4/05/14 in Jackson County, Texas. The contraband was found in appellant's vehicle during a traffic stop.

Appellant entered pleas of "not guilty" to both counts. Jury selection began on 1/12/15, but trial on the merits began on 1/14/15, with a one-day hiatus on 1/13/15. Appellant's jury convicted him of count I on 1/14/15 (all three paragraphs). (RR Vol. 3, p. 158). This was the second degree felony count and the more serious of the two counts alleged.

Appellant's punishment trial began before his jury on 1/15/15. Appellant pled "true" to both enhancement paragraphs, one alleging a felony drug crime and the other a felony theft. (RR Vol. 4, p. 6)

Ultimately, appellant's jury found both enhancement paragraphs to be true and assessed his punishment at 99

years in prison. (RR Vol. 4, p. 79). Appellant timely appealed.

## ISSUE PRESENTED

THE TRIAL COURT ERRED BY ALLOWING EVIDENCE OF HOW
METHAMPHETAMINE IS MANUFACTURED

## SUMMARY OF ARGUMENT

Testimony and documentary evidence was admitted at the punishment phase, over defense counsel's objection, of how methamphetamine is manufactured or created. This was irrelevant because appellant was only convicted of possessing said controlled substance with intent to deliver it, not for actually making or manufacturing it himself.

## ARGUMENT

### *SOLE ISSUE*

After appellant was convicted of count I of his indictment (possession with intent to deliver a controlled substance, 1 to 4 grams; methamphetamine), the punishment phase proceeded before his jury. The State offered SX-37 and SX-38 through Deputy Gary

7

Smejkal of the Jackson County Sheriff's Office. (RR Vol. 4, pp. 33-35; pp. 32-41). Both exhibits contained information about the chemical contents of "meth". Information was also contained about the process of actually making or creating meth (manufacturing).

Appellant realizes that the name of his convicted offense is "*manufacture* or delivery of a controlled substance". *See Tex. H&S Code Ann.,* sec. 481.112(c) (Vernon 2013). However, trial evidence did not show that he was actually creating meth at home or in a meth lab. It only showed that he was carrying it in amounts and in a manner suggesting that he intended to deliver it to others.

Defense counsel objected timely to these two exhibits, and to Smejkal's proffered testimony on these subjects, but her objection was overruled. (RR Vol. 4, pp. 33-35; Vol. 5, SX-37 & SX-38). Defense counsel objected on relevancy grounds, and was given a running objection by the trial judge.

Evidence not excludable on policy grounds may properly be received over a relevancy objection if it has any tendency at all, even potentially, to make a fact of consequence more or less likely than it would be without the evidence.

But if, after all proof on the subject has been received, the evidence does not in the aggregate support a rational finding that such matter of consequence is true, the factfinder should not be allowed to pass upon it. *Fuller v. State,* 829 S.W.2d 191, 198 (Tex.Crim.App. 1992); *see also Levario v. State,* 964 S.W.2d 290, 297 (Tex.App.-El Paso 1997, *no pet.*)

SX-37 is a compilation of color photos from a meth lab bust that Deputy Smejkal "participated in" months or even years earlier, unconnected to appellant or his case. (RR Vol. 4, p. 38, lines 4-5; pp. 38-39; Vol. 5, SX-37). Thus, the State introduced, and the trial court admitted, photos from *another* crime, committed by

9

*other, unconnected* persons *not acting in concert* with appellant, *with no evidence tying same to him.*

This sort of evidence is completely irrelevant and totally prejudicial. It is like introducing photos at the punishment trial of a burglary case which show ransacked homes totally unconnected to the accused's burglary, in order to show the "effects" of burglary upon American homeowners in general. It is far too generalized to be relevant to appellant's actual, convicted crime in the case at bar and thus is impermissibly prejudicial against him, because he is not connected to those crimes, and cannot be held criminally liable for crimes committed by others when no criminal nexus has been shown or demonstrated.

<u>PRAYER</u>

Appellant prays that sentence be vacated and this cause rendered for new punishment trial.

Respectfully submitted,

*/s/ W. A. White*
W. A. (BILL) WHITE

10

ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Mr. Robert E. Bell, D.A., Jackson Co. District Attorney's Office, 115 W. Main Street, Room 205, Edna, TX 77957 via U.S. mail, fax, electronic delivery, or hand-delivery on this the 13th day of July 2015.

*/s/ W. A. White*
W. A. White


<u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief contains 1,220 words.

*/s/ W. A. White*
W. A. White