**Byron DAVIS, Appellant**

v.

**The STATE of Texas, State.**

**No. 02–04–064–CR.**

Court of Appeals of Texas, Fort Worth.

June 2, 2005.

---

Law Office of James M. Stanley and Barry G. Johnson, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Steven W. Conder, Shane Lewis, and Rebecca McIntire, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

PANEL A: CAYCE, C.J.; DAUPHINOT and McCOY, JJ.

## MEMORANDUM OPINION[1]

BOB McCOY, Justice.

### I. Introduction

Appellant Byron Davis appeals from his conviction for aggravated robbery with a deadly weapon. In one issue, Davis challenges the admissibility of testimony regarding anonymous tips received by police. Because we hold that the trial court did not abuse its discretion in admitting the objected-to testimony, we will affirm.

### II. Background Facts and Procedural History

On December 17, 2002, Loi Quoc Tran was working at the family-owned Corina Food Store when he was robbed at gunpoint. At trial, Fort Worth police officer Linda Wennig testified about the investigation of the robbery. Officer Wennig testified that police had no suspects in the robbery so they released a video tape of the robbery to the local media in an effort to identify the individual responsible. Officer Wennig testified that police received

---

1. See TEX.R.APP. P. 47.4.

several anonymous tips identifying Davis as the perpetrator. She testified that after Davis was identified as a suspect in the robbery, she obtained a photo of Davis, prepared a photo spread, and showed the photo spread to Tran. Officer Wennig testified that Tran identified Davis as the perpetrator from the photo spread. Davis was charged with aggravated robbery with a deadly weapon, to which he pleaded not guilty. The jury found Davis guilty and the trial judge sentenced him to thirty years' imprisonment. This appeal followed.

### III. Hearsay

In his sole issue on appeal, Davis contends that the trial court erred in permitting testimony by Detective Wennig regarding the anonymous tips received by police identifying him as the perpetrator. Davis argues that Wennig's testimony was hearsay and that the admission of her testimony violated the Texas Rules of Evidence and his Sixth Amendment right of confrontation. *See* U.S. CONST. amend. VI; TEX.R. EVID. 802. The State responds that the testimony was properly admitted by the trial court because the testimony was offered to show why the investigation focused on Davis, not for the truth of the matter asserted, that is, that Davis was guilty of the robbery.

### A. Standard of Review

■ We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Burden v. State*, 55 S.W.3d 608, 615 (Tex.Crim.App. 2001); *Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996), *cert. denied*, 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997); *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex.Crim.App.1990). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the

trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse. *Montgomery*, 810 S.W.2d at 391. We will not reverse a trial court's ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement. *Id.*

### B. Analysis

■ The Texas Rules of Evidence prohibit the admission of hearsay evidence except as provided by statute or other rules prescribed pursuant to statutory authority. *See* TEX.R. EVID. 802. "Hearsay" is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. TEX.R. EVID. 801(d). Thus, a statement not offered to prove the truth of the matter asserted is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347–48 (Tex. Crim.App.), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). In that regard, the Texas Court of Criminal Appeals has held that statements offered for the purpose of explaining how a defendant became a suspect and not for the truth of the matter asserted are not hearsay. *See Jones v. State*, 843 S.W.2d 487, 499 (Tex. Crim.App.1992) (holding testimony of officer explaining how officer came to suspect appellant was not objectionable as hearsay because it was "not offered to prove the truth of the matter asserted, but to show why the officer got an arrest warrant for and arrested appellant"), *cert. denied*, 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479 (1993); *see also Dinkins*, 894 S.W.2d at 347 (indicating appointment book and patient application form were not hearsay when "tendered . . . to show how appellant became a suspect in the investigation," not

for the truth of the matter asserted). Thus, a police officer may testify about anonymous tips received for the purpose of showing why the investigation focused on a particular defendant. *Cano v. State*, 3 S.W.3d 99, 110 (Tex.App.-Corpus Christi 1999, pet. ref'd); *Levario v. State*, 964 S.W.2d 290, 296 (Tex.App.-El Paso 1997, no pet.). This is because the testimony assists the jury's understanding of the events by providing context for the police officer's actions. *See Cano*, 3 S.W.3d at 110.

Davis initially argues that we should not allow the jury to hear testimony regarding anonymous tips for the purpose of putting the investigation into context. He argues that doing so allows unsworn out-of-court statements to come before the jury while denying the accused the opportunity to cross-examine the witness. Davis proposes that we limit testimony for this purpose to situations where the defendant challenges the investigation as being motivated by vendetta or grudge. We decline to do so. Testimony not offered for the truth of the matter asserted is not hearsay. *See* Tex.R. Evid. 801(d); *Dinkins*, 894 S.W.2d at 347; *Jones*, 843 S.W.2d at 499; *Cano*, 3 S.W.3d at 110; *Levario*, 964 S.W.2d at 296.

Davis next argues that the disputed testimony was inadmissible because it was offered by the prosecutor for the purpose of proving that Davis committed the charged robbery, not just to put the investigation in context. Citing *Schaffer v. State*, Davis points out that the Texas Court of Criminal Appeals had held that "where there is an inescapable conclusion that a piece of evidence is being offered to prove statements made outside the courtroom, a party may not circumvent the hearsay prohibition through artful questioning designed to elicit hearsay indirectly." *See* 777 S.W.2d 111, 114 (Tex.Crim. App.1989). In that regard, Davis argues

that while it appears that the State's question may have been to put the investigation in context, the "practical intent of the testimony" was to elicit testimony indicating that "several callers identified Mr. Davis as the actor in the video." Davis points out that the State could have put the investigation into context by asking the question in such a way as to elicit a court-approved "neutral language response." As further support, Davis directs our attention to *Benjamin v. State*, an unpublished opinion out of the Houston Court of Appeals. *See Benjamin v. State*, Nos. 14–98–01126–CR, 14–98–01127–CR, 2001 WL 726426 (Tex.App.-Houston [14th Dist.] June 28, 2001, no pet.) (not designated for publication). In *Benjamin*, the Houston Court of Appeals upheld the trial court's admission of testimony from a police office similar to the testimony in the case at bar; however, Davis points out that in doing so the court noted that there was "no other mention of the tip in testimony or argument." *See id.* at *2. Davis asserts that unlike *Benjamin*, where the testimony was not mentioned again by the State, the prosecutor here emphasized and highlighted the testimony regarding the anonymous tips in its closing argument. *See id.* He argues that the State's emphasizing and highlighting of this testimony is the best indicator that the State's use of the testimony was improper.

In *Head v. State*, the Texas Court of Criminal Appeals indicated that "the reviewing court should limit itself to the state of the evidence at the time the trial court was called upon to make a ruling on admissibility." 4 S.W.3d 258, 262 n. 5 (Tex.Crim.App.1999). Thus, considering only the evidence before the court at the time the court was requested to rule on the admissibility of Detective Wennig's testimony, we are not inescapably drawn to conclude that the State offered the testimony for the purpose of proving the truth

of statements made outside the courtroom. *See Schaffer,* 777 S.W.2d at 114. To the contrary, our review of the evidence leads us to conclude that the State elicited the objected to testimony for the purpose of establishing how Davis was developed as a suspect. Accordingly, we hold that the trial court did not abuse its discretion when it allowed the objected-to testimony. We overrule Davis's sole issue.

### IV. Conclusion

Having overruled Davis's sole issue, we affirm the trial court's judgment.

DAUPHINOT, J. filed a concurring and dissenting opinion.

LEE ANN DAUPHINOT, Justice, concurring and dissenting.

Because I agree with the result that the majority reached but disagree with their analysis, I respectfully write separately.

The majority's analysis turns on their position that, because the State *offered* the testimony for the purpose of establishing how Appellant became a suspect and not for the truth of the matter asserted, the testimony was *admitted* for a limited purpose. The majority takes this position despite the fact that no limiting instruction was given. The law is well settled that evidence admitted without any limiting in-

struction is admitted for all purposes.[1] No matter how limited the State's offer, the testimony is in the record for all purposes, including the truth of the matter asserted.[2]

Because the majority confuses the limited offer of the evidence with a limited admission of evidence, I respectfully dissent. Because Appellant failed to request the limiting instruction, I concur in the result the majority reaches in their thoughtful opinion.

---

1. *See* TEX.R. EVID. 105(a); *Hammock v. State,* 46 S.W.3d 889, 895 (Tex.Crim.App.2001) ("As we previously stated, however, K.H.'s testimony was admitted for all purposes because appellant failed to request a limiting instruction when the evidence was admitted."); *Garcia v. State,* 887 S.W.2d 862, 878 (Tex.Crim.App.1994) ("Appellant further ignores that once evidence is received without a proper limiting instruction, it becomes part of the general evidence in the case and may be used as proof to the full extent of its rational persuasive power."), *cert. denied,* 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

2. *See Ex parte Varelas,* 45 S.W.3d 627, 635 (Tex.Crim.App.2001) ("Additionally, without

the limiting instructions, it is probable that the jury considered the extraneous acts as direct evidence of applicant's guilt, i.e., propensity evidence, rather than for the purposes in which they were offered, which was limited to the applicant's state of mind, intent, relationship, motive and to rebut defensive issues."); *McCullough v. State,* 116 S.W.3d 86, 94 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) ("In certain instances, evidence may be offered for a limited purpose. However, for that limitation to be effective the admission of the evidence must be accompanied by a limiting instruction.").