

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00231-CR

**RUSSELL ROBINSON, JR.,**

            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

            **Appellee**


**From the 40th District Court
Ellis County, Texas
Trial Court No. 38602CR**


## MEMORANDUM OPINION


The jury convicted Russell Robinson, Jr. of the offense of continuous violence against the family. TEX. PENAL CODE ANN. 25.11 (West 2011). The jury found the enhancement paragraphs to be true and assessed punishment at 99 years confinement. We affirm.

### Background Facts

There is no challenge to the sufficiency of the evidence. Officer Chad Bolton, with the Ennis Police Department, testified that on November 14, 2013, he was dispatched to

a residence in response to a domestic disturbance. When he arrived at the residence, Lameshia Thompson ran from the residence to Office Bolton's car. She told him that she had been assaulted. Officer Bolton testified that he could see injuries on Thompson, including blood on her lip. Officer Bolton made contact with Russell Robinson, Jr., who admitted hitting Thompson in her face. Robinson was placed under arrest for assault family violence. Thompson testified that at the time of the assault she lived with Robinson and that they were in a dating relationship. She further testified about previous altercations where Robinson hit her in the face and head.

## Prosecuting Attorney

In the first issue, Robinson complains that the judgment should be modified to reflect the correct name of both prosecuting attorneys who represented the State. Robinson states that the judgment incorrectly identifies Patrick Wilson as the prosecuting attorney in the case, but that the record reflects that Amy L. Lockhart and Habon Mohamed were actually the prosecuting attorneys at trial. Robinson, however, cites nothing to show that the elected State's attorney cannot be named in the judgment if he did not participate in the proceeding resulting in the judgment. The Code of Criminal Procedure states that a judgment shall reflect "[t]hat the case was called and the parties appeared, naming the attorney for the state, the defendant, and the attorney for the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (West Supp. 2014). The elected district attorney for Ellis County is the attorney for the State in this case. Robinson's first issue is overruled.

**Hearsay**

In the second issue, Robinson argues that the trial court abused its discretion in overruling his hearsay objection. We review a trial court's ruling on admissibility of evidence for an abuse of discretion. *See Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001).

Tiffany Curtis testified at trial that she and Lameshia Thompson are Facebook friends. Curtis testified that on the night of the offense, she received a Facebook message from Thompson asking her to call the police and send them to 700 E. Tyler because she was being held hostage. The State introduced a copy of the Facebook conversation between Curtis and Thompson, and Robinson objected that the Facebook conversation was hearsay.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Thus, a statement not offered to prove the truth of the matter asserted is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347-48 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995); *Davis v. State*, 169 S.W.3d 673, 675 (Tex.App.-Fort Worth 2005, no pet.). Statements offered for the purpose of explaining how a defendant became a suspect and not for the truth of the matter asserted are not hearsay. *Davis v. State*, 169 S.W.3d at 675.

The Facebook conversation was not offered to prove the truth of the matter asserted, but rather to show why Curtis called 9-1-1 and why the police arrived at the

residence. The trial court did not abuse its discretion in admitting the Facebook conversation. Moreover, any error in admitting the conversation was harmless. TEX. R. APP. P. 44.2 (b). Thompson testified without objection that she sent a Facebook message to Curtis asking her to call the police. We overrule the second issue.

**Extraneous Offense**

In the third issue, Robinson argues that the trial court erred in admitting evidence of an extraneous offense during the punishment phase of trial. Captain David Anthony, with the Ennis Police Department, was called to testify during the punishment phase of the trial. The State began to question Captain Anthony about a murder in Ennis, Texas.

Captain Anthony testified in detail about the murder of Dwayne Lamont Dowell and his investigation of that murder. Captain Anthony stated that pursuant to his investigation, he believed Robinson killed Dowell. Robinson was never indicted on the murder charge.

The State also offered the testimony of Timothy Shead during the punishment phase of the trial. Shead testified that he was in jail with Robinson and that Robinson bragged about committing a murder in Ennis, Texas. Shead testified to the details of the murder that were consistent with the murder of Dowell.

The State then called Shirley Mathis, Dowell's mother. Mathis testified that on the night Dowell was killed, he answered a knock at the door around 3:30 a.m. Mathis heard a gunshot, and Dowell screamed, "He shot me." Mathis asked Dowell who shot him, and Dowell stated "Bubba Coleman." Dowell died from the gunshot wound. Mathis testified that she knew Dowell was referring to Robinson when he said Bubba Coleman

shot him.  The State presented additional evidence that Robinson was known as "Bubba

Coleman" in Ennis.

> Texas Code of Criminal Procedure article 37.07 § 3(a) states in relevant part: [E]vidence may be offered by the state and the defendant as to any matters the court deems relevant to sentencing including but not limited to ... evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CRIM. PROC. CODE ANN. art. 37.07 § 3(a) (West Supp. 2014). Therefore, the prosecution

may offer evidence of any extraneous crime or bad act that is shown, beyond a reasonable

doubt, either to have been (1) an act committed by the defendant or (2) an act for which

he could be held criminally responsible.  *Haley v. State*, 173 S.W.3d 510, 514 (Tex. Crim.

App. 2005).

The statutorily imposed burden of proof beyond a reasonable doubt does not

require the offering party to necessarily prove that the act was a criminal act or that the

defendant committed a crime.  *Haley v. State*, 173 S.W.3d at 515.  Before the jury can

consider this evidence in assessing punishment, it must be satisfied beyond a reasonable

doubt that the acts are attributable to the defendant.  *Id*.  Whereas the guilt-innocence

stage requires the jury to find the defendant guilty beyond a reasonable doubt of each

element of the offense, the punishment phase requires the jury only find that these prior

acts are attributable to the defendant beyond a reasonable doubt.  *Id*.  The jury heard

testimony that Robinson bragged about committing the murder.  The jury also heard

testimony that the victim of the murder made a dying declaration and identified

Robinson as the person who shot him. The trial court did not abuse its discretion in admitting the evidence of the extraneous offense. We overrule the third issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 10, 2015
Do not publish
[CRPM]

