NO. 07-09-00103-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 22, 2011

_____

ANDREA NICOLE ALCALA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 58,136-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

A jury convicted appellant Andrea Nicole Alcala of possession of four grams or more but less than 200 grams of cocaine.[1] The court assessed punishment at two years' confinement in prison, but suspended imposition of the sentence and placed appellant on community supervision. On appeal, appellant argues the trial court should have granted her motion to suppress, and the evidence was insufficient to support her conviction. Disagreeing, we will affirm.

_____

[1] Tex. Health & Safety Code Ann. § 481.115(d) (West 2010). The offense is a second degree felony punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West Supp. 2010).

Background

Amarillo police received a tip that a male was going door-to-door at a local hotel selling drugs. Officers responded shortly after midnight and knocked on the door of the indicated room at the hotel. A male known by police as a drug user peeked out from behind a curtain at the window. An officer asked him to open the door. The male responded that he needed to dress, but the officer believed he already was dressed. About two minutes later the male opened the door. Present in the room was a female police identified as appellant. They identified the male as Jackie Gray. Police asked Gray, but not appellant, if they could search the room. Gray readily agreed. Appellant expressed no objection to the search.

Searching the bathroom, an officer found what he believed were pieces of crack cocaine loose inside a box of tissues located inside a dispenser in the bathroom counter. He found other small pieces of the substance underneath, indicating to the officer that they fell from the tissue holder. In the bathroom trash was a plastic drinking cup, containing other small pieces. On a lamp table next to the bed, the officer located a razor blade with a white residue, leading the officer to believe the blade was used to cut crack cocaine. On the floor between the lamp table and bed, the officer found another piece of what he believed was crack cocaine. Appellant and Gray were arrested for possession of a controlled substance.

At trial, a Department of Public Safety chemist testified that the substances found in the tissue holder and on the floor beside the bed contained cocaine. His report showed the substances weighed a total of 6.6 grams. Gray testified, saying the cocaine

was his. His fingerprints, but not appellant's, were found on the plastic cup and the tissue holder. After appellant's conviction and sentencing, she appealed.

Analysis

In her first issue, appellant argues the trial court abused its discretion by denying her motion to suppress. Specifically, she contends police denied her a constitutionally guaranteed privacy right by searching the hotel room without her permission.[2]

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). In so doing, we apply a bifurcated standard of review. We give almost total deference to the trial court's determination of historical facts and conduct a *de novo* review of the trial court's application of the law to those facts. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The trial court is the sole trier of fact, the judge of witness credibility, and the determiner of the weight given to testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).

The scope of our review will include testimony adduced at trial as well as that heard at the suppression hearing because at trial the parties continued developing evidence germane to the issue of consent to search. *See Gutierrez v. State,* 221 S.W.3d 680, 687 (Tex.Crim.App. 2007); *Rachal v. State,* 917 S.W.2d 799, 809

---

[2] The recited constitutional bases for the challenge are the Fourth Amendment to the United States Constitution and Article 1, § 9 of the Texas Constitution. We address the arguments under the two constitutions jointly because they were not separately briefed by appellant. *See Riddle v. State,* 888 S.W.2d 1, 7-8 (Tex.Crim.App. 1994).

(Tex.Crim.App. 1996) (addressing review of suppression issue consensually litigated at trial).

The Fourth Amendment affords an occupant of a hotel room a reasonable expectation of privacy. *See Stoner v. California,* 376 U.S. 483, 490, 84 S.Ct. 889, 893, 11 L.Ed.2d 856 (1964); *see also Minnesota v. Olson,* 495 U.S. 91, 98-99, 110 S. Ct. 1684, 1689-90, 109 L.Ed.2d 85 (1990). Hence, a warrantless search of a hotel room is unreasonable unless it comes within an exception to the warrant requirement. *Reasor v. State,* 12 S.W.3d 813, 817 (Tex.Crim.App. 2000). And one well-recognized exception to the constitutional requirements of probable cause and a search warrant is voluntary consent. *Carmouche v. State,* 10 S.W.3d 323, 331 (Tex.Crim.App. 2000) (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973)). When the State seeks to justify a warrantless search on the ground of voluntary consent it may do so by demonstrating officers obtained permission to search from a third party possessing common authority over the premises. *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974).

Here, two individuals occupied the hotel room officers sought to search. Gray consented to the search while appellant silently stood by. Appellant's consent was not requested but she expressed no opposition. If the consenting individual has actual common authority over the room, *Matlock,* 415 U.S. 164 at 170-71, 94 S.Ct. 992-93, or apparent common authority over the room, *Illinois v. Rodriguez,* 497 U.S. 177, 186, 188, 110 S.Ct. 2793, 2800, 2801, 111 L.Ed.2d 148 (1990), an officer may rely on that individual's consent. "Common authority" is not implied from the interest a third party

4

holds in the property to be searched. *Matlock,* 415 U.S. at 171 n.7, 94 S.Ct. at 993 n.7. Rather, common authority means "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *Id.; see also Georgia v. Randolph,* 547 U.S. 103, 110, 126 S.Ct. 1515, 1521, 164 L.Ed.2d 208 (2006). "[I]f a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search, whereas a potential objector, nearby but not invited to take part in the colloquy, loses out." *Randolph,* 547 U.S. at 121, 126 S.Ct. at 1527.

Evidence at the suppression hearing and trial showed appellant and Gray had a ten-year relationship that produced three children. The parties do not dispute that appellant rented the room for Gray because he lacked proper identification. Appellant heard the officer ask Gray for permission to search the room. Yet, at no time did she object to the search or even comment on the search. The officer testified that during the investigation appellant told him she and Gray intended to occupy the room. Gray testified that appellant rented the room for him so they could watch movies. Appellant was with Gray at the hotel because she lived at a facility for single mothers where Gray was not allowed. Appellant was with Gray the entire time he was at the hotel. On this record, we find Gray possessed actual common authority over the room. By choosing to remain silent when Gray authorized police to search the room, appellant lost any right to complain later. *Randolph,* 547 U.S. at 121, 126 S.Ct. at 1527. We find the trial court

did not abuse its discretion in denying appellant's motion to suppress and overrule her first issue.

By her second and third issues, appellant challenges the legal and factual sufficiency of the evidence proving actual care, custody, control, or management of the contraband and knowledge that the substance was contraband. Since appellant's brief was filed, the Texas Court of Criminal Appeals decided *Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2010) (plurality op.). In that case, the court determined the sufficiency of the evidence should be reviewed only under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[3]

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable doubt. *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). This standard gives full play to the responsibility of the

---

[3] The previously-applied factual sufficiency standard considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Grotti v. State,* 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); *Watson v. State,* 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). Under that standard, the ultimate question is whether, considering all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Grotti,* 273 S.W.3d at 283. Even had we applied such a standard to review of the evidence, we could not sustain appellant's contention. From our review of the entire record, the finding of appellant's guilt was neither clearly wrong and manifestly unjust nor against the great weight and preponderance of the evidence.

trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319; 99 S.Ct. at 2789. *See also Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App. 2007) (juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial). The trier of fact is the sole judge of the weight and credibility of the evidence. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App. 2000). Thus, when reviewing the sufficiency of the evidence, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper,* 214 S.W.3d at 13. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* On appeal, the same standard of review is used for both circumstantial and direct evidence cases. *Id.*

If, however, based on all the evidence, a reasonably-minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95 (citing *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992)).

7

A person commits a possessory offense only if she voluntarily possesses the prohibited item. Tex. Penal Code Ann. § 6.01(a) (West 2003). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b). To prove unlawful possession of a controlled substance, the State must establish the accused exercised actual care, custody, control, or management over the contraband and knew the matter possessed was contraband. *See* Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115(a) (West 2010); *Evans v. State,* 202 S.W.3d 158, 162 (Tex.Crim.App. 2006); *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). Absent an admission by the accused, the knowledge element of a possessory offense must be inferred. *Gant v. State,* 989 S.W.2d 428, 433 (Tex.App.--Houston [14th Dist.] 1999, no pet.); *United States v. Richardson,* 848 F.2d 509, 514 (5th Cir. 1988) ("proof that possession of contraband is knowing will usually depend on inference and circumstantial evidence").

It is not necessary for the State to prove the accused maintained exclusive possession of the contraband; rather, joint possession is sufficient to sustain a conviction. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App. 1986). "[W]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Poindexter,* 153 S.W.3d at 406 (quoting *Deshong v State,* 625 S.W.2d 327, 329 (Tex.Crim.App. 1981)). The weight of this additional evidence, or links between the accused and the contraband, arises not

8

necessarily from the number shown but from the "logical force" of the evidence taken together. *Evans,* 202 S.W.3d at 161-62. Moreover, an absence of some links is not evidence of innocence to be weighed against the links present. *Hernandez v. State,* 538 S.W.2d 127, 131 (Tex.Crim.App. 1976). While not a litmus test, some of the linking factors circumstantially establishing knowledge of and control over the contraband are: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans,* 202 S.W.3d at 162 n.12.

Appellant had a longstanding relationship with Gray and knew well his drug use. Appellant was so familiar with Gray's use of drugs that she thought of him as a "druggie." She rented the hotel room for the two of them.[4] A tipster notified police of a

---

[4] As noted, ownership or the right of possession of the place where drugs are found is a factor affirmatively linking an accused with the contraband. *Jennings v. State,* 07-08-0448-CR, 2010 Tex. App. Lexis 1150, at *9 n.6 (Tex.App.--Amarillo Feb. 9,

9

male fitting Gray's description selling drugs door-to-door at the hotel. According to Gray, he and appellant checked in together and appellant was at the hotel the entire time Gray was at the hotel. Even though seen by the officer fully dressed, Gray delayed opening the room door about two minutes claiming a need to dress. An officer found crack cocaine "in plain view" on the floor between a lamp table and the bed. On the bedside lamp table was a razor blade containing residue. The major part of the cocaine was hidden in the tissue box. From the additional amounts found on the floor, and from the officer's description of Gray's behavior at the door, the jury reasonably could have inferred the cocaine was hidden in the box hurriedly. Appellant was present when officers entered, searched the room and seized the drugs.[5]

Although Gray took responsibility for the drugs in his testimony and attempted to exculpate appellant, the jury was not required to consider his testimony as entirely helpful to her. From the location of the razor blade and the white residue, coupled with the white crumbs and powder on the lamp table, plus the rock of cocaine found amidst white powder on the floor between the table and the bed, the jury reasonably could infer that the razor blade had been applied to the cocaine. Gray, however, denied using the blade to cut cocaine. He said the razor blade was from a knife he used in his work as an electrician. And, although he later acknowledged the cocaine belonged to him, and still later acknowledged he put cocaine in the tissue dispenser, initially Gray said he had

_____

2010, no pet.) (mem. op., not designated for publication) (citing *Beall v. State,* 237 S.W.3d 841, 850 (Tex.App.--Fort Worth 2007, no pet.)).

[5] When viewed in the light most favorable to the verdict, appellant's presence, before and after the arrival of police, in the hotel room she rented is a factor linking her to the cocaine. *See Isham v. State,* 258 S.W.3d 244, 248, 249 (Tex.App.--Eastland 2008, pet. refused) (defendant was present but attempted to leave).

no memory of doing so. There is no evidence any person other than Gray and appellant was in the room before police entered.

Considering the entirety of the events occurring in the close quarters of the hotel room, the amount of cocaine present, the circumstances of the relationship between appellant and Gray, and his ambiguous testimony, the jury easily could have concluded beyond a reasonable doubt appellant knew of the presence of the cocaine and of its contraband nature. We are satisfied also that the jury rationally could have inferred she played a role in its custody, control or management. The jury was free to reject Gray's testimony to the contrary. While the evidence of appellant's possession of the cocaine is circumstantial, we conclude that when viewed in the light most favorable to the verdict, the cumulative force of all the incriminating circumstances is sufficient to permit a rational juror to find beyond a reasonable doubt that appellant unlawfully possessed the cocaine. *See Levario v. State,* 964 S.W.2d 290, 295 (Tex.App.--El Paso 1997, no pet.) (search of bedroom apparently occupied by appellant and female; evidence of his presence, straw with white residue on nightstand, two spoons used for cooking cocaine, cocaine in closet dresser, and butt of marijuana cigarette on top of dresser sufficient to prove appellant's possession of contraband).

We overrule appellant's second and third issues.

## Conclusion

Having overruled the three issues appellant raised on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.