NO. 07-09-00103-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MARCH
22, 2011

 



 

ANDREA NICOLE ALCALA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF
POTTER COUNTY;

 

NO. 58,136-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

A jury convicted appellant Andrea
Nicole Alcala of possession of four grams or more but less than 200 grams of
cocaine.[1]  The court assessed punishment at two years’
confinement in prison, but suspended imposition of the sentence and placed
appellant on community supervision.  On
appeal, appellant argues the trial court should have granted her motion to
suppress, and the evidence was insufficient to support her conviction.  Disagreeing, we will affirm. 

Background

Amarillo police received a tip that a
male was going door-to-door at a local hotel selling drugs.  Officers responded shortly after midnight and
knocked on the door of the indicated room at the hotel.  A male known by police as a drug user peeked
out from behind a curtain at the window. 
An officer asked him to open the door. 
The male responded that he needed to dress, but the officer believed he
already was dressed.  About two minutes
later the male opened the door.  Present
in the room was a female police identified as appellant.  They identified the male as Jackie Gray.  Police asked Gray, but not appellant, if they
could search the room.  Gray readily
agreed.  Appellant expressed no objection
to the search.  

Searching the bathroom, an officer
found what he believed were pieces of crack cocaine loose inside a box of
tissues located inside a dispenser in the bathroom counter.  He found other small pieces of the substance
underneath, indicating to the officer that they fell from the tissue
holder.  In the bathroom trash was a
plastic drinking cup, containing other small pieces.  On a lamp table next to the bed, the officer
located a razor blade with a white residue, leading the officer to believe the
blade was used to cut crack cocaine.  On
the floor between the lamp table and bed, the officer found another piece of
what he believed was crack cocaine. 
Appellant and Gray were arrested for possession of a controlled
substance.  

At trial, a Department of Public
Safety chemist testified that the substances found in the tissue holder and on
the floor beside the bed contained cocaine. 
His report showed the substances weighed a total of 6.6 grams.  Gray testified, saying the cocaine was
his.  His fingerprints, but not
appellant’s, were found on the plastic cup and the tissue holder.  After appellant’s conviction and sentencing,
she appealed.   

Analysis

In her first issue, appellant argues
the trial court abused its discretion by denying her motion to suppress.  Specifically, she contends police denied her
a constitutionally guaranteed privacy right by searching the hotel room without
her permission.[2]   

We review a trial court’s ruling on a
motion to suppress for an abuse of discretion. 
Villarreal v.
State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996).  In so doing, we apply a bifurcated standard
of review.  We give almost total
deference to the trial court’s determination of historical facts and conduct a de novo review of the trial court’s
application of the law to those facts.  Guzman v. State, 955
S.W.2d 85, 89 (Tex.Crim.App. 1997).  The trial court is the sole trier of fact, the judge of witness credibility, and the
determiner of the weight given to testimony. 
State v. Ross,
32 S.W.3d 853, 855 (Tex.Crim.App. 2000).

The scope of our review will include
testimony adduced at trial as well as that heard at the suppression hearing
because at trial the parties continued developing evidence germane to the issue
of consent to search.  See Gutierrez
v. State, 221 S.W.3d 680, 687 (Tex.Crim.App.
2007); Rachal v. State, 917 S.W.2d 799, 809 (Tex.Crim.App. 1996) (addressing review of suppression issue
consensually litigated at trial).

The Fourth Amendment affords an
occupant of a hotel room a reasonable expectation of privacy.  See
Stoner v. California, 376 U.S. 483, 490, 84 S.Ct.
889, 893, 11 L.Ed.2d 856 (1964); see also
Minnesota v. Olson, 495 U.S. 91, 98-99, 110 S. Ct. 1684, 1689-90, 109
L.Ed.2d 85 (1990).  Hence, a warrantless
search of a hotel room is unreasonable unless it comes within an exception to
the warrant requirement.  Reasor v. State, 12 S.W.3d 813,
817 (Tex.Crim.App. 2000).  And one well-recognized exception to the
constitutional requirements of probable cause and a search warrant is voluntary
consent. Carmouche v. State, 10 S.W.3d 323, 331 (Tex.Crim.App. 2000) (citing Schneckloth v. Bustamonte,
412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d
854 (1973)).  When the State seeks to
justify a warrantless search on the ground of voluntary consent it may do so by
demonstrating officers obtained permission to search from a third party possessing
common authority over the premises.  United States v. Matlock,
415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242
(1974). 

Here, two individuals occupied the
hotel room officers sought to search. 
Gray consented to the search while appellant silently stood by.  Appellant’s consent was not requested but she
expressed no opposition.  If the
consenting individual has actual common authority over the room,  Matlock, 415 U.S. 164 at 170-71, 94 S.Ct. 992-93, or apparent common authority over the room, Illinois v. Rodriguez, 497 U.S. 177,
186, 188, 110 S.Ct. 2793, 2800, 2801, 111 L.Ed.2d 148
(1990), an officer may rely on that individual’s consent.  “Common authority” is not implied from the
interest a third party holds in the property to be searched.  Matlock,
415 U.S. at 171 n.7, 94 S.Ct. at 993
n.7.  Rather, common authority
means “mutual use of the property by persons generally having joint access or
control for most purposes, so that it is reasonable to recognize that any of
the co-inhabitants has the right to permit the inspection in his own right and
that the others have assumed the risk that one of their number might permit the
common area to be searched.”  Id.; see also Georgia v. Randolph,
547 U.S. 103, 110, 126 S.Ct. 1515, 1521, 164 L.Ed.2d
208 (2006).  “[I]f a potential
defendant with self-interest in objecting is in fact at the door and objects,
the co-tenant's permission does not suffice for a reasonable search, whereas a
potential objector, nearby but not invited to take part in the colloquy, loses
out."  Randolph, 547 U.S. at 121, 126 S.Ct. at
1527.  

            Evidence
at the suppression hearing and trial showed appellant and Gray had a ten-year
relationship that produced three children. 
The parties do not dispute that appellant rented the room for Gray
because he lacked proper identification. 
Appellant heard the officer ask Gray for permission to search the
room.  Yet, at no time did she object to
the search or even comment on the search. 
The officer testified that during the investigation appellant told him
she and Gray intended to occupy the room. 
Gray testified that appellant rented the room for him so they could
watch movies.  Appellant was with Gray at
the hotel because she lived at a facility for single mothers where Gray was not
allowed.  Appellant was with Gray the
entire time he was at the hotel.  On this
record, we find Gray possessed actual common authority over the room.  By choosing to remain silent when Gray
authorized police to search the room, appellant lost any right to complain
later.  Randolph, 547 U.S. at 121, 126 S.Ct. at
1527.  We find the trial court did not
abuse its discretion in denying appellant’s motion to suppress and overrule her
first issue.  

            By
her second and third issues, appellant challenges the legal and factual
sufficiency of the evidence proving actual care, custody, control, or
management of the contraband and knowledge that the substance was
contraband.  Since appellant’s brief was
filed, the Texas Court of Criminal Appeals decided Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App.
2010) (plurality op.).  In that case, the
court determined the sufficiency of the evidence should be reviewed only under
the standard set forth in Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979).[3] 

In reviewing the sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict to
determine whether a rational fact finder could have found each element of the
offense beyond a reasonable doubt.  Swearingen
v. State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003);
Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App.
2001) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979)).  This standard gives full play
to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319; 99 S.Ct. at
2789.  See also Hooper v. State, 214
S.W.3d 9, 15 (Tex.Crim.App. 2007) (juries are
permitted to draw multiple reasonable inferences as long as each inference is
supported by the evidence presented at trial). 
The trier of fact is the sole judge of the
weight and credibility of the evidence.  Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App.
2000).  Thus, when reviewing the
sufficiency of the evidence, we may not re-evaluate the weight and credibility
of the evidence and substitute our judgment for that of the fact-finder.  Dewberry v. State, 4
S.W.3d 735, 740 (Tex.Crim.App. 1999).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex.Crim.App.
2000).  Each fact need not point directly
and independently to the guilt of the appellant, as long as the cumulative
force of all the incriminating circumstances is sufficient to support the
conviction.  Hooper, 214 S.W.3d at 13. 
Circumstantial evidence is as probative as direct evidence in
establishing the guilt of an actor, and circumstantial evidence alone can be
sufficient to establish guilt.  Id.  On appeal, the same standard of review is
used for both circumstantial and direct evidence cases.  Id.

If, however, based on all the
evidence, a reasonably-minded jury must necessarily entertain a reasonable
doubt of the defendant’s guilt, due process requires that we reverse and order
a judgment of acquittal.  Swearingen, 101
S.W.3d at 95 (citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992)).

            A person commits a possessory offense only if she
voluntarily possesses the prohibited item. 
Tex. Penal
Code Ann. § 6.01(a) (West 2003).  “Possession is a voluntary act if the
possessor knowingly obtains or receives the thing possessed or is aware of his control
of the thing for a sufficient time to permit him to terminate his
control.”  Id. §
6.01(b).  To prove unlawful
possession of a controlled substance, the State must establish the accused
exercised actual care, custody, control, or management over the contraband and
knew the matter possessed was contraband. 
See Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115(a)
(West 2010); Evans v. State, 202 S.W.3d 158, 162 (Tex.Crim.App.
2006); Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App.
2005).  Absent an admission by the
accused, the knowledge element of a possessory offense must be inferred.  Gant v.
State, 989 S.W.2d 428, 433 (Tex.App.--Houston
[14th Dist.] 1999, no pet.); United
States v. Richardson, 848 F.2d 509, 514 (5th Cir. 1988) (“proof that
possession of contraband is knowing will usually
depend on inference and circumstantial evidence”).

It is not necessary for the State to
prove the accused maintained exclusive possession of the contraband; rather,
joint possession is sufficient to sustain a conviction.  Cude v. State, 716 S.W.2d 46, 47 (Tex.Crim.App.
1986).  “[W]hen the accused is not
in exclusive possession of the place where the substance is found, it cannot be
concluded that the accused had knowledge of and control over the contraband
unless there are additional independent facts and circumstances which
affirmatively link the accused to the contraband.” Poindexter, 153
S.W.3d at 406 (quoting Deshong v State, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981)). 
The weight of this additional evidence, or links between the accused and
the contraband, arises not necessarily from the number shown but from the
“logical force” of the evidence taken together. 
Evans, 202 S.W.3d at 161-62.  Moreover, an absence of some links is not
evidence of innocence to be weighed against the links present.  Hernandez v. State, 538 S.W.2d 127, 131 (Tex.Crim.App.
1976).  While not a litmus test,
some of the linking factors circumstantially establishing knowledge of and
control over the contraband are: (1) the defendant’s presence when a search is
conducted; (2) whether the contraband was in plain view; (3) the defendant’s
proximity to and the accessibility of the contraband; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the
defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether there was an odor of contraband; (10) whether other contraband or
drug paraphernalia were present; (11) whether the defendant owned or had the
right to possess the place where the contraband was found; (12) whether the
place where the contraband was found was enclosed; (13) whether the defendant
was found with a large amount of cash; and (14) whether the conduct of the
defendant indicated a consciousness of guilt. 
Evans, 202 S.W.3d at 162 n.12.  

            Appellant
had a longstanding relationship with Gray and knew well his drug use.  Appellant was so familiar with Gray’s use of
drugs that she thought of him as a “druggie.” 
She rented the hotel room for the two of them.[4]  A tipster notified police of a male fitting
Gray’s description selling drugs door-to-door at the hotel.  According to Gray, he and appellant checked
in together and appellant was at the hotel the entire time Gray was at the
hotel.  Even though seen by the officer fully
dressed, Gray delayed opening the room door about two minutes claiming a need
to dress.  An officer found crack cocaine
“in plain view” on the floor between a lamp table and the bed.  On the bedside lamp table was a razor blade
containing residue.  The major part of
the cocaine was hidden in the tissue box. 
From the additional amounts found on the floor, and from the officer’s
description of Gray’s behavior at the door, the jury reasonably could have
inferred the cocaine was hidden in the box hurriedly.  Appellant was present when officers entered,
searched the room and seized the drugs.[5]    

            Although
Gray took responsibility for the drugs in his testimony and attempted to
exculpate appellant, the jury was not required to consider his testimony as
entirely helpful to her.  From the
location of the razor blade and the white residue, coupled with the white
crumbs and powder on the lamp table, plus the rock of cocaine found amidst
white powder on the floor between the table and the bed, the jury reasonably
could infer that the razor blade had been applied to the cocaine.  Gray, however, denied using the blade to cut
cocaine.  He said the razor blade was
from a knife he used in his work as an electrician.  And, although he later acknowledged the
cocaine belonged to him, and still later acknowledged he put cocaine in the
tissue dispenser, initially Gray said he had no memory of doing so.  There is no evidence any person other than
Gray and appellant was in the room before police entered. 

            Considering
the entirety of the events occurring in the close quarters of the hotel room,
the amount of cocaine present, the circumstances of the relationship between
appellant and Gray, and his ambiguous testimony, the jury easily could have
concluded beyond a reasonable doubt appellant knew of the presence of the
cocaine and of its contraband nature.  We
are satisfied also that the jury rationally could have inferred she played a
role in its custody, control or management. The jury was free to reject Gray’s
testimony to the contrary. While the evidence of appellant’s possession of the
cocaine is circumstantial, we conclude that when viewed in the light most
favorable to the verdict, the cumulative force of all the incriminating
circumstances is sufficient to permit a rational juror to find beyond a
reasonable doubt that appellant unlawfully possessed the cocaine.  See
Levario v. State, 964 S.W.2d
290, 295 (Tex.App.--El Paso 1997, no pet.)
(search of bedroom apparently occupied by appellant and female; evidence of his
presence, straw with white residue on nightstand, two spoons used for cooking
cocaine, cocaine in closet dresser, and butt of marijuana cigarette on top of
dresser sufficient to prove appellant’s possession of contraband).

            We
overrule appellant’s second and third issues.

 

 

 

Conclusion

            Having
overruled the three issues appellant raised on appeal, we affirm the judgment
of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

 

            








 











[1] Tex. Health & Safety Code Ann.
§ 481.115(d) (West 2010).  The
offense is a second degree felony punishable by imprisonment for a term of not
more than 20 years or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. §
12.33 (West Supp. 2010). 





[2]  The recited
constitutional bases for the challenge are the Fourth Amendment to the United
States Constitution and Article 1, § 9 of the Texas Constitution.  We address the arguments under the two
constitutions jointly because they were not separately briefed by appellant.  See
Riddle v. State, 888 S.W.2d 1, 7-8 (Tex.Crim.App.
1994).





[3] The previously-applied factual
sufficiency standard considers whether the evidence supporting guilt, though
legally sufficient, is so weak that the jury’s verdict seems clearly wrong and
manifestly unjust, or evidence contrary to the verdict is such that the jury’s
verdict is against the great weight and preponderance of the evidence.  Grotti v. State, 273 S.W.3d 273, 283 (Tex.Crim.App. 2008); Watson
v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006).  Under that standard, the
ultimate question is whether, considering all the evidence in a neutral light,
the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Grotti, 273 S.W.3d at 283.  Even had we applied such a standard to review
of the evidence, we could not sustain appellant's contention.  From our review of the entire record, the
finding of appellant’s guilt was neither clearly wrong and
manifestly unjust nor against the great weight and preponderance of the
evidence.





[4]  As noted,
ownership or the right of possession of the place where drugs are found is a
factor affirmatively linking an accused with the contraband.  Jennings v. State, 07-08-0448-CR, 2010 Tex. App. Lexis 1150, at *9
n.6 (Tex.App.--Amarillo Feb. 9, 2010, no pet.)
(mem. op., not designated for publication) (citing Beall v. State,
237 S.W.3d 841, 850 (Tex.App.--Fort Worth 2007, no
pet.)).  

 





[5]  When viewed in
the light most favorable to the verdict, appellant’s presence, before and after
the arrival of police, in the hotel room she rented is a factor linking her to
the cocaine.  See Isham v. State, 258 S.W.3d 244, 248,
249 (Tex.App.--Eastland 2008, pet. refused)
(defendant was present but attempted to leave).